IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NATHANIEL F. WHITE,**

    **Plaintiff,**

                                  Case No. 2:18-cv-1738
                                  Chief Judge Edmund A. Sargus, Jr.
    v.                            Magistrate Judge Elizabeth P. Deavers

**FRANKLIN COUNTY SHERIFF'S
DEPARTMENT,**

    **Defendant.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Nathaniel F. White, a state inmate who is proceeding without the assistance of counsel, brings this action against the Franklin County Sheriff's Department. (ECF No. 3.) On December 21, 2018, Plaintiff was granted leave to proceed *in forma pauperis* in this action. (ECF No. 2.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
>   (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff alleges that a Franklin County Sheriff's deputy sexually assaulted him on September 12, 2018, at 2460 Jackson Pike, Columbus, Ohio, in violation of his civil rights. (ECF No. 3 at PAGEID ## 25, 29, 31.) Plaintiff has named the Franklin County Sheriff's Department as the sole Defendant in this action. (*See generally id*.)

However, Plaintiff's claims are subject to dismissal because the Franklin County Sheriff's Department is not a proper Defendant because it is not *sui juris*. *See*, *e.g.*, *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding dismissal of claims against county sheriff's department was proper because "as the district court correctly noted, federal courts have held that, under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Bey v. Elmwood Place Police Dep't*, No. 1:16cv823, 2017 WL 3821456, at *4 (S.D. Ohio Sept. 1, 2017) (agreeing that county sheriff's office "is not a separate legal entity subject to suit under § 1983" and dismissing claims against it); *Ebbing v. Butler Cty., Ohio*, No. 1:09-CV-00039, 2010 WL 596470, at *6 (S.D. Ohio Feb. 16, 2010) ("Ohio and federal courts agree that a county sheriff's department is not *sui juris*."); *Simms v. Butler Cty. Sheriff's Office*, No. 1:16-cv-247, 2016 WL 720983, at *2 (S.D. Ohio Jan. 29, 2016) (recommending dismissal where "plaintiff's complaint against a department of the Butler County Sheriff's Office is subject to dismissal because the defendant is not *sui juris* and, therefore, lacks the capacity to be sued under § 1983"), *adopted*, 2016 WL 696094, at *1 (S.D. Ohio Feb. 22, 2016).

Even liberally construing Plaintiff's Complaint to construe his claims as against Franklin County pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978), *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (stating that *pro se* complaints "are be held 'to less stringent standards than formal pleadings drafted by lawyers,' and therefore should be liberally construed") (citations omitted), these claims are still subject to dismissal. Counties and other bodies of local government may be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690.) The United States

Court of Appeals for the Sixth Circuit has held that a plaintiff may show the existence of a policy or custom leading to the alleged violation by identifying the following: "'(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)). Here, Plaintiff alleges that an unidentified Sheriff's deputy assaulted him on September 12, 2018. (ECF No. 3 at PAGEID ## 25, 29, 31.) However, Plaintiff has not pleaded any facts at all with respect to a Franklin County policy or custom that may have caused a constitutional deprivation. *See generally id.* Plaintiff's claims, therefore, fail to state a claim on which relief may be granted.

### III.

For the reasons explained above, the named Defendant, the Franklin County Sheriff's Department, is *sui generis* and is not subject to suit. Even if the Court liberally construed Plaintiff's Complaint to name Franklin County as the Defendant, Plaintiff has failed to state a claim against it under a *Monell* theory. It is therefore **RECOMMENDED** that Plaintiff's claims be dismissed.

It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: January 2, 2019  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE